UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. JAMES F. ALDERSON,

    Plaintiff,

v.                                            CASE NO: 8:99-cv-413-T-23TGW

QUORUM HEALTH GROUP, INC., et al.,

    Defendants.
_____/

**ORDER**

Non-party Ohio Valley General Hospital ("OVGH") moves (Doc. 190) to enforce the parties' settlement agreement.  OVGH contends that a release executed by OVGH and the United States (as provided in the settlement agreement) releases certain claims that the United States asserts against OVGH in United States v. Ohio Valley General Hospital, No. 2:06-cv-86 (JFC) (W.D. Pa.) (the "related action").  After OVGH moved for summary judgment in the related action and the parties in the related action filed a joint proposed order erroneously suggesting that this court retained jurisdiction to enforce the settlement agreement and release, a February 11, 2008, order (a) finds that deciding whether the claims were released by the settlement agreement requires "a determination as to the scope of the release by the Court retaining jurisdiction as to the Release," and (b) dismisses the claims without prejudice subject to OVGH's seeking a ruling in this action "as to the scope of the release . . . as to Ohio Valley General Hospital."  Even if OVGH were permitted to intervene in this action for the purpose of seeking to enforce the settlement agreement, the court lacks jurisdiction to grant the relief requested.

The parties' settlement agreement resulted in a joint stipulation of dismissal with prejudice (the "stipulation") pursuant to Rule 41(a)(1)(ii), Federal Rules of Civil Procedure, and an order dismissing this action with prejudice. The stipulation (Doc. 153) requests that "that the Court retain jurisdiction . . . in the event of a dispute under the Settlement Agreement and Release." See also Doc. 152 at 6. However, the order dismissing the case (Doc. 154) retains jurisdiction "for the sole purpose of determining the amount of the Relator's share of the settlement proceeds . . . pursuant to 31 U.S.C. § 3730(d)(1)" (emphasis added). Nor does the order incorporate the terms of the settlement agreement and release. Accordingly, the order creates no ancillary jurisdiction to enforce the settlement agreement and release. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994). Finally, OVGH asserts no other basis of jurisdiction to enforce (or even interpret) the settlement agreement and release.[1] Accordingly, the motion (Doc. 190) is **DENIED**.

ORDERED in Tampa, Florida, on March 26, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] A settlement agreement is a privately negotiated contract to which the court is not a party and in the negotiation of which the court is not a participant. If a provision of the contract creates a claim or defense in a lawsuit, the court presiding over the lawsuit interprets the contract and adjudicates the claim or defense. By presiding over a case that settles, a court does not acquire perpetual responsibility to resolve by motion any pertinent dispute between the parties or with a third party.